Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
**RUBEN MENDEZ,** *Individually*
*and on behalf of others similarly situated,*

                                            **Plaintiff**

v.                                                        **COMPLAINT**
                                                            **Index No.**

                                                            **COLLECTIVE ACTION**
                                                           **UNDER 29 USC § 216(b)**

                                                            **JURY TRIAL**
                                                           **DEMANDED**

**RAVI DEROSSI, Individually AND**
**DEROSSI MAC LLC D/B/A LADYBIRD**

                                            **Defendants.**
------------------------------------------------------------------------x

1.     Plaintiff Ruben Mendez ("Plaintiff"), individually and on behalf of others similarly situated, alleges as follows:

### NATURE OF THE ACTION

2.     This Action on behalf of Plaintiff, individually and on behalf of others similarly situated, seeks the recovery of unpaid wages and related damages for unpaid minimum wage and tip misappropriation, while employed by DeRossi Mac LLC d/b/a Ladybird ("Ladybird"), and Ravi Derossi ("Derossi") (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions

of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed as a runner/busser from July 2018 until March 2019. Plaintiff was employed by Defendants during the relevant limitations periods.

4. Plaintiff's consent to sue form is attached as Exhibit "A."

5. Defendant Ladybird is a New York Corporation and is a restaurant located at 111 East 7th St, New York, NY 10009.

6. Upon information and belief, Ladybird has an annual gross volume of sales in excess of $500,000.00.

7. At all relevant times, Ladybird has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

8. Upon information and belief, Defendant DeRossi is the owner and operator of Ladybird.

9. Upon information and belief, Defendant DeRossi exercises control over Ladybird's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

10. Defendant DeRossi was an employer of Plaintiff during the relevant time period.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings the First Claim for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them minimum wage. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 USC § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

14. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction

that they form part of the same case or controversy under Article III of the United States Constitution.

15. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

16. Defendants committed the following alleged acts knowingly, willfully and intentionally.

17. Defendants knew that the nonpayment of minimum wage to Plaintiff and the FLSA Collective Plaintiffs would economically injure Plaintiff and the FLSA Collective Plaintiffs and violated state and federal laws.

18. The FLSA and NYLL allow employers of "food service workers" to pay their tipped employees at a rate below the normal federal and state minimum wages by applying a tip credit towards certain eligible employees' wages.

19. The FLSA and the NYLL provide that in order to be eligible for this tip credit, employers of tipped employees must inform food service workers about their intention to apply the tip credit towards the employees' wages and also must allow employees to keep all of the tips that they receive.

20. Back of the house staff and other non-service employees are prohibited from sharing in the tips received by the "food service workers."

21. Plaintiff regularly worked 2 days per week for Defendants.

22. Plaintiff generally worked from 5:00 pm through 10:30 pm.

23. Plaintiff regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

24. Plaintiff was paid $8.65 per hour in 2018 and $10.00 per hour in 2019, plus tips.

25. Plaintiff worked at least 342.08 hours in 2018 for Defendants and at least 171.60 hours in 2019.

26. Plaintiff would receive tips from the tip pool, but Ladybird dishwashers would also participate in the tip pool.

27. By including back of the house staff in the tip pool, Defendants have taken gratuities belonging to Plaintiff and unlawfully diverted them to managerial and non-service staff who are not entitled to receive tips at the restaurant, thereby preventing Plaintiff from retaining all of the tips left for him in violation of the FLSA and NYLL.

28. Because Defendants established an illegal tip scheme, they are not entitled to take advantage of the tip credit and reduce the minimum wages of Plaintiff by applying the tip credit allowance that is available under the FLSA and the NYLL.

29. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly wage rates listed and failed to keep proper payroll records as required under New York law.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

30. Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

31. The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiff and the FLSA Collective Plaintiffs.

32. Defendants have willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

33. As a result of Defendants' unlawful acts, Plaintiff and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

**SECOND CAUSE OF ACTION**
**New York Labor Law-Minimum Wage Violations**

34. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

35. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

36. Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

37. Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

38. As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages,

attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

### THIRD CAUSE OF ACTION
### NYLL – Unlawful Tip Deductions

39. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

40. NYLL § 196-d prohibits employers or their agents from demanding or accepting directly or indirectly any part of the gratuities received by an employee, or retaining any part of a gratuity or any charge purported to be a gratuity for an employee.

41. Defendants unlawfully retained tips from Plaintiff and unlawfully redistributed their tips to non-tip eligible employees.

42. As a result of Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid tips, reasonable attorneys' fees, liquidated damages, and pre-judgment interest and post-judgment interest.

### FOURTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

43. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

45. Defendants failed to provide Plaintiff with a written notice of rate of pay with his correct hourly rate as required by NYLL § 195.

46. Defendants' failure to make, keep and preserve accurate records was willful.

47. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

## PRAYER FOR RELIEF

48. WHEREFORE, Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs pray for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiff as representative plaintiff of the FLSA Collective Plaintiffs;

   e. Penalties available under applicable laws;

   f. Costs of the action incurred herein, including expert fees;

   g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

   h. Pre-judgment and post-judgment interest, as provided by law; and

      i. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of herself and the FLSA Collective Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York  
       March 12, 2021

Respectfully submitted,

The Klein Law Group P.C.

By:   /s/ Darren Rumack  
      Darren P.B. Rumack  
      39 Broadway, Suite 1530,  
      New York, NY 10006  
      Phone: 212-344-9022  
      Fax: 212-344-0301  
      *Attorneys for Plaintiff and proposed FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Ladybird and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage, and overtime pay as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____    03-02-21    Ruben_____
Signature                Date        Printed Name